FILED
AUG - 1 2025
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

L. DOUGLAS WILDER,

    Plaintiff,

vs.

MICHAEL RAO, in his official and individual capacities as President of Virginia Commonwealth University, SUZANNE MILTON, in her official and individual capacities as Chief Audit and Compliance Executive at Virginia Commonwealth University,

    Defendants.

Case No.: 3:25cv597

**COMPLAINT**

**JURY TRIAL DEMANDED**

1

COMPLAINT

Plaintiff, L. Douglas Wilder, former Governor of the Commonwealth of Virginia, distinguished professor, and namesake of the Wilder School of Government and PublicAffairs at Virginia Commonwealth University (VCU), brings this civil action to challenge malicious, unsubstantiated, and retaliatory acts orchestrated by Defendants Michael Rao and Suzanne Milton under the guise of institutional compliance.

In March 2025, Defendants initiated a vague and procedurally deficient investigation of Plaintiff that has undermined his professional reputation and disrupted his longstanding public service.

This action arises under the First and Fourteenth Amendments to the U.S. Constitution, Title VI and VII of the Civil Rights Act, and Virginia defamation law. Plaintiff seeks damages, injunctive relief, and declaratory relief for the constitutional and legal injuries inflicted upon him.

**SUMMARY OF COMMUNICATIONS WITH DEFENDANT MILTON**

Between June 12 and June 19, 2025, Wilder received multiple emails from Suzanne Milton, Chief Audit and Compliance Executive at Virginia Commonwealth University, concerning a confidential investigation into alleged conduct at the Wilder School.

In her initial communications, Milton requested that Wilder participate in an interview with attorneys from the firm Husch Blackwell, indicating that the investigation involved allegations of a hostile work environment and other unspecified matters. Wilder responded by requesting clarification on the scope and purpose of the inquiry, a definition of a "hostile work environment"; and the specific allegations involved, as well as a copy of the complaint.

Milton refused to provide the complaint or identify the complainants.

2
COMPLAINT

Wilder reiterated his concerns regarding transparency, procedural fairness, and the chilling effects of initiating an investigation based on anonymous, unsubstantiated claims. He noted that none of the allegations had been corroborated and reminded Ms. Milton of his prior federal complaint against VCU, which resulted in settlement.

Throughout this communication, Wilder has maintained a professional and consistent request for transparency, accountability, and fairness in the process.

## CLAIMS FOR RELIEF

### COUNT I – First Amendment Retaliation (42 U.S.C. § 1983)

Defendants Rao and Milton, acting under color of state law, initiated and sustained baseless investigations of Plaintiff's conduct in retaliation for his protected speech and public criticism of VCU leadership.

Defendant Rao further instructed VCU officials, and other high-ranking individuals, not to engage with Plaintiff, thereby attempting to silence his voice within the institution, thereby retaliating against his advocacy.

These actions violated Plaintiff's First Amendment rights and caused substantial damage to his lifelong reputation, academic role, and public service legacy.

### COUNT II – Denial of Procedural Due Process (42 U.S.C. § 1983)

Defendant Milton, under Rao's direction, denied Plaintiff access to the complaint, refused to disclose the dates or details of the allegations, and conducted an investigatory process devoid of fairness required under the Fourteenth Amendment.

Plaintiff has been denied a meaningful opportunity to respond to accusations, violating clearly established due process rights.

## COUNT III – Defamation and Defamation Per Se

Defendants Rao and Milton made false statements concerning Plaintiff's conduct and character to countless others.

These statements accused Plaintiff of threatening conduct, abuse, and misuse of university resources — accusations that are provably false.

Such statements were made with malice, aforethought, and reckless disregard for truth and accuracy, and constitute defamation per se.

## COUNT IV – Retaliation Under Title VI and Title VII

Plaintiff engaged in protected activity, including advocacy for equity and criticism of university leadership.

In retaliation, Defendants subjected Plaintiff to hostile and defamatory investigatory actions.

These actions violate the anti-retaliation provisions of Title VI and Title VII of the Civil Rights Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff on all claims;

b. Declare that the actions of Defendants violated Plaintiff's constitutional and rights;

c. Award compensatory and punitive damages in an amount to be determined;

d. Award costs and attorneys' fees under 42 U.S.C. § 1988;

e. Enter injunctive relief prohibiting further retaliation or defamatory actions against Plaintiff;

f. Order Virginia Commonwealth University (VCU) to retract any defamatory findings and restore Plaintiff's standing; and

g. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

*/s/ R. Douglas Wilk*

Dated: 8-1-25

## DECLARATION OF L. DOUGLAS WILDER

I, L. Douglas Wilder, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am over the age of 18 and competent to testify to the matters stated herein.

2. I served as the 66th Governor of the Commonwealth of Virginia and am the first elected African American governor in the United States.

3. I currently serve as a distinguished faculty member at the L. Douglas Wilder School of Government and Public Affairs at Virginia Commonwealth University (VCU), which bears my name.

4. On Thursday, June 12, 2025, I received an email from Suzanne Milton, Chief Audit and Compliance Executive at VCU, stating that her office was conducting a "confidential investigation regarding allegations of a hostile work environment at the Wilder School and other matters".

5. On June 12, 2025, I also received a message from Lisa Parker, an attorney with the outside law firm Husch Blackwell, seeking to schedule an interview with me.

6. On June 12, 2025, Ms. Milton pressed me to schedule the interview within the same week, without having provided any clarity as to the scope of the allegations or the nature of the investigation.

7. On June 16, 2025, Ms. Milton responded by listing vague allegations — including that there was a threatening environment at the Wilder School, an abusive relationship with Dean Susan Gooden, that I threatened colleagues, misused university personnel, and was involved in Wilder School personnel decisions — without providing the complaint itself or any specific factual basis.

6
COMPLAINT

8. That same day, I also received a message from Lisa Parker, an attorney with the outside law firm Husch Blackwell, seeking to schedule an interview with me.

9. Later that day, Ms. Milton pressed me to schedule the interview within the same week, without having provided any clarity as to the scope of the allegations or the nature of the investigation.

10. On June 16, 2025, I sent an email requesting a written explanation of the inquiry's scope, the basis of the allegations, and the relevance of my involvement. I also informed Ms. Milton and Ms. Parker of my prior federal complaint against VCU for discrimination and retaliation which was settled with non-retaliatory conditions.

11. On June 16, 2025, Ms. Milton responded by listing vague allegations — including that I threatened colleagues and misused university personnel — without providing the complaint itself or any specific factual basis.

12. On June 17, 2025, I asked Ms. Milton to provide the date the complaint was received and a copy of the complaint.

13. On June 18, 2025, she denied my request, citing unspecified privacy concerns and stating there was no formal complaint because the matter did not involve discrimination.

14. On June 19, 2025, I clarified that I had not requested the identity of any complainant, only the substance and timing of the complaint, and reiterated my request for transparency.

15. Despite never receiving the complaint, I agreed to an interview with Lisa Parker and Ryan Spraker on June 20, 2025.

16. I have received no findings or facts from Ms. Milton.

17. The final report has not been shared with me.

7
COMPLAINT

18. In addition to the investigation, President Michael Rao has actively maligned my character to members of the VCU Board of Visitors, to high-ranking VCU officials, and others.

19. President Rao has made malicious and retaliatory efforts to damage my reputation by instructing individuals, and high-ranking officials, not to engage with me in any context. These actions appear calculated to isolate me and undermine my professional and personal standing both within and beyond VCU.

20. President Rao's actions have not only undermined my ability to engage with the very institution that bears my name, but reflect abuse of his position and a disregard for academic freedom and respect.

21. I affirm that these retaliatory and defamatory actions have caused significant damage to my professional reputation, standing in the academic community, and emotional stability.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on: July 30, 2025
Richmond, Virginia

/s/ L. Douglas Wilder
L. Douglas Wilder
Plaintiff
301 Va. Street
Richmond, 23219 VA
804-381-3483

8
COMPLAINT